UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| TRACEY WHEELER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00243-JPH-DLP |
| | ) | |
| ZATECKY Warden, | ) | |
| INDIANA DEPARTMENT OF CORRECTIONS, | ) | |
| M. EVANS, | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Denying Motion for Preliminary Injunction**

Plaintiff Tracey Wheeler, an inmate at the Vigo County Jail, filed this action pursuant to 42 U.S.C. § 1983 asserting claims against staff at Putnamville Correctional Facility. Mr. Wheeler has filed a motion to compel the Vigo County Jail to provide him with access to his legal materials in this and many other pending civil actions. Dkt. 13. Because Mr. Wheeler is asking that the Court order Vigo County Jail staff to take affirmative action, the motion is properly construed as a motion for preliminary injunction rather than a motion to compel.

**I.  The Motion**

Mr. Wheeler has over 25 pending civil actions in state and federal court. He was admitted as an inmate on September 16, 2022, and he brought with him nine boxes of legal documents. Jail staff informed him that he could not possess the nine boxes in his cell due to space and safety concerns. They said the documents would be kept in a safe place, and he could review them upon request. On September 20, he asked for additional law library time because he was only receiving 15 minutes a day and had to share the law library kiosk with six other inmates. That request was denied. His request for access to his documents was also denied.

Mr. Wheeler asks the Court to order the Vigo County Jail to provide him with adequate access to his legal documents and the law library.

## II.  Discussion

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). To obtain a preliminary injunction a plaintiff first must show that: "(1) without this relief, [he] will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) [he] has some likelihood of prevailing on the merits of [his] claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020).

However, the Court will not address the three threshold elements because, as a preliminary matter, a request for injunctive relief must necessarily be tied to the specific claims on which the plaintiff is proceeding. *See Benisek v. Lamone*, 138 S. Ct. 1942, 1945 (2018) ("[T]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." (cleaned up)); *see also DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) ("A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally.").

Mr. Wheeler's request for access to his legal work is unrelated to the claims in this action.[1] Further, the Vigo County Jail and its staff are not defendants in this action. *See Maddox v. Wexford Health Sources, Inc.*, 528 F. App'x 669, 672 (7th Cir. 2013) ("observing that [a]n injunction, like any 'enforcement action,' may be entered only against a litigant, that is, a party that has been served and is under the jurisdiction of the district court") (quoting *Lake Shore Asset Mgmt., Ltd. v.*

---

[1] The Court observes that Mr. Wheeler filed this motion in all 11 pending civil cases in this Court.

*Commodity Futures Trading Comm'n*, 511 F.3d 762, 767 (7th Cir. 2007)). Accordingly, this Court lacks authority to grant the relief requested, and the motion must be **denied**. *Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (holding that absent a nexus between underlying claims and request for injunctive relief, district court has no authority to grant injunctive relief) (citing *DeBeers Consol. Mines*, 325 U.S. at 220).

### III.  Conclusion

Because Mr. Wheeler's request for injunctive relief is outside the scope of the claims proceeding in this action and is based on conduct by non-defendants, his motion for preliminary injunction, dkt. [13], must be **denied**.

**SO ORDERED.**

Date: 10/21/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TRACEY WHEELER
140083
c/o VIGO COUNTY JAIL
600 W Honeycreek Drive
Terre Haute, IN 47802